NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES FATAL | Hon. Dennis M. Cavanaugh |
| Petitioner, | OPINION |
| v. | Civil Action No. 13-1859 (DMC) |
| JANET NAPOLITANO, et al., | |
| Respondents. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a petition for a writ of *habeas corpus* by James Fatal ("Petitioner") challenging his mandatory detention by Janet Napolitano, Christopher Shanahan, Amy Patrick, Eric H. Holder, Jr., Juan P. Osuna, Alan Page and Oscar Aviles (collectively "Respondents"). (Mar. 22, 2013, ECF. No. 1). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of the Court that Petitioner's petition for a writ of *habeas corpus* is **denied.**

I. **BACKGROUND**[1]

Petitioner is not a citizen of the United States. Petitioner is a native and citizen of St. Lucia, having entered the United States in February of 1986 on a K-2, non-immigrant visa. Several months later, Petitioner became a permanent resident of the United States.

---

[1] The facts set-forth in this Opinion are taken from the parties' statements in their respective briefs.

From 1999 to 2001, Petitioner was arrested several times, and in June of 2002, Petitioner was convicted of attempted assault in the second degree under New York Penal Law § 110-120.05(1). Petitioner was sentenced to serve 18 to 36 months in a New York state prison. Petitioner was released from custody on December 19, 2003. Since his release from custody in 2003, Petitioner has been reintegrated into the community. He completed the Howie the Harp Peer Training Program and became a Credentialed Alcohol and Substance Abuse Counselor.

On October 20, 2012, U.S. Immigration and Customers Enforcement ("ICE") agents arrested and detained Petitioner on the grounds that he was subject to mandatory detention and subsequent deportation pursuant to INA § 236(c)(1)(B), and 8 U.S.C. § 1226(c)(1)(A)-(D) for his conviction of an aggravated felony. Petitioner is currently being detained in ICE custody at the Hudson County Correctional Center.

On January 16, 2013, Petitioner appeared before Immigration Judge Alan Page ("IJ") on January 16, 2013. The IJ asserted that Petitioner's past conviction of attempted assault was an aggravated felony, and the IJ further affirmed that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c). Petitioner now asks this Court to grant his petition for a writ of habeas corpus.

## II. **STANDARD OF REVIEW**

This Court has jurisdiction pursuant to 18 U.S.C. § 3231 providing the district courts with original jurisdiction of all offenses of the laws of the United States. Jurisdiction is also secured pursuant to 28 U.S.C. § 2255 which allows this Court, having imposed a sentence upon Petitioner, to vacate, set aside or correct a sentence upon a showing that "the sentence imposed was in violation of the Constitution or laws of the United States, this Court lacked jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

is otherwise subject to collateral attack."

### III. DISCUSSION

The crux of the issue before this Court hinges on statutory interpretation; specifically, determining the underlying meaning of 8 U.S.C. § 1226(c) ("§ 1226(c)"). An alien is subject to mandatory detention and subsequently removal or deportation from the United States when he/she:

> …is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(iii), (B), (C), or (D) of this title…when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense. Apprehension and Detention of Aliens, 8 U.S.C.A § 1226 (1990).

Petitioner's primary contention revolves around the breadth of interpreting "when the alien is released." In his petition for a writ of habeas corpus, Petitioner argues that "when" means "immediately;" thus, Petitioner argues he is not deportable because he was not taken into ICE custody until nine years after his release from non-ICE custody. (Pet'r's Pet. at 10, March 22, 2013, ECF NO. 1). Petitioner relies on a series of district court cases to demonstrate instances of "when" being interpreted as "immediately." See Louisaire v. Muller, 758 F.Supp.2d 229, 236 (S.D.N.Y. 2010); Scarlet v. DHS, 632 F.Supp.2d 214, 219 (W.D.N.Y. 2009); Waffi v. Loiselle, 527 F.Supp.2d 480, 488 (E.D. Va. 2007). The Court acknowledges these decisions but is not bound by them. Subsequently this present matter is controlled by the Third Circuit Court of Appeals and their recent decision in Sylvain v. Att'y Gen U.S. et al., 714 F.3d 150, 152 (3d Cir. 2013), which held that ICE officials do not "lose authority to impose mandatory detention if they fail to do so 'when the alien is released.'"

Petitioner's petition for a writ of habeas corpus must be denied because the phrase "when the alien is released" in § 1226(c) does not mean when the alien is "immediately released." In

3

Sylvain, the Third Circuit Court of Appeals held that "even if 'when' implies something less than four years, nothing in the statute suggests that immigration officials lose authority if they delay." Sylvain, 714 F.3d at 157. The Third Circuit's holding implies that since immigration officials do not lose their authority if they delay detaining an alien, then "when" cannot mean "immediately." Therefore, "when the alien is released" does not mean that the alien must be taken into custody immediately after being released from incarceration; instead, the Third Circuit holds that the immigration official's authority persists past the immediacy threshold; thus, "when" does not mean "immediately." Petitioner, similar to the petitioner in Sylvain, was not taken into ICE custody following his release from non-ICE custody, but Petitioner was taken into custody nine years following his incarceration. According to the holding in Sylvain, the ICE officials did not lose their authority to effectuate a mandatory detention despite the lapse in time between Petitioner's release from non-ICE custody and mandatory detention under ICE. In light of the holding in Sylvain, Petitioner's claim that "when" means "immediately" cannot stand alone on its merits. Therefore, Petitioner's petition for a writ of habeas corpus must be denied.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus is **denied.** An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:       June 18, 2013
Original:   Clerk's Office
Cc:         All Counsel of Record
            File